STATE of Minnesota, Respondent,

v.

Scott Ronald PERLEBERG, Appellant.

No. A06–718.

Court of Appeals of Minnesota.

Aug. 7, 2007.

---

John M. Stuart, State Public Defender, Steven P. Russett, Assistant State Public Defender, Minneapolis, MN, for appellant.

Lori Swanson, Attorney General, James B. Early, Assistant Attorney General, St. Paul, MN; and Patrick Flanagan, Mower County Attorney, Mower County Courthouse, Austin, MN, for respondent.

Considered and decided by MINGE, Presiding Judge; WRIGHT, Judge; and WORKE, Judge.

## OPINION

WRIGHT, Judge.

Appellant challenges the district court's imposition of three consecutive sentences of 144 months' imprisonment for six counts of first-degree criminal sexual conduct, arguing that the aggregate length of incarceration unduly exaggerates the criminality of his conduct. We affirm.

## FACTS

After engaging in criminal sexual conduct with his daughter over several years, appellant Scott Perleberg was charged with and convicted of six counts of first-degree criminal sexual conduct. Before the sentencing hearing, Perleberg underwent a psychosexual evaluation, and the evaluator concluded that Perleberg may be amenable to treatment. Perleberg moved for a downward durational departure from the presumptive guidelines sentences based on his amenability to treatment, his cooperation with law enforcement, and the absence of a prior criminal record.

The district court sentenced Perleberg to concurrent mandatory minimum prison terms of 144 months executed, for three counts of engaging in sexual contact with a person less than 13 years of age by a

person who is more than 36 months older, Minn.Stat. § 609.342, subd. 1(a) (2000 & 2002). Likewise, for two counts of engaging in multiple acts of sexual abuse over an extended period of time with a person under 16 years of age by a person who has a significant relationship, Minn.Stat. § 609.342, subd. 1(h)(iii) (2002 & 2004), the district court sentenced Perleberg to concurrent mandatory minimum prison terms of 144 months executed, the concurrent terms to be served consecutively to the 144–month concurrent sentences for the three counts of engaging in sexual contact with a person who is less than 13 years of age. And for one count of engaging in sexual penetration with a person who is at least 13 years of age but less than 16 years of age by a person who is more than 48 months older and is in a position of authority, Minn.Stat. § 609.342, subd. 1(b) (2004), which Perleberg committed on December 25, 2004, the district court sentenced Perleberg to 144 months executed, to be served consecutively to the other sentences. The aggregate length of Perleberg's term of imprisonment is 432 months followed by five years of conditional release.

In its order, the district court explained its rationale for the sentences imposed. The district court acknowledged that, although the multiple instances of criminal sexual conduct may be charged separately, the same conduct could have been charged as a single count. But because the victim reported that the sexual assaults occurred on at least 250 occasions, permissive consecutive sentencing is justified for the three types of criminal sexual conduct offenses charged. This appeal followed.

### ISSUE

Did the imposition of three consecutive 144–month sentences for six counts of first-degree criminal sexual conduct aris-

ing from at least 250 sexual assaults unduly exaggerate the criminality of the conduct?

### ANALYSIS

▉▉▉ Perleberg seeks a reduction of his sentence to concurrent terms totaling 158 months' imprisonment, arguing that the district court's imposition of consecutive sentences resulting in an aggregate sentence of 432 months' imprisonment unfairly exaggerates the criminality of his conduct. A district court's decision to impose consecutive sentences generally falls within its broad discretion. *State v. Munger*, 597 N.W.2d 570, 573 (Minn.App.1999), *review denied* (Minn. Aug. 25, 1999). We will not interfere with this decision unless the sentence is "disproportionate to the offense or unfairly exaggerates the criminality of the defendant's conduct." *State v. McLaughlin*, 725 N.W.2d 703, 715 (Minn.2007) (quotation omitted). Our review is guided by sentences imposed on other similarly situated offenders, *id.*, acknowledging that a district court has "a unique perspective on all stages of a case, including sentencing, and . . . is in the best position to evaluate the offender's conduct and weigh sentencing options," *State v. Hough*, 585 N.W.2d 393, 397 (Minn.1998).

First-degree criminal sexual conduct has a legislatively mandated presumptive minimum sentence of 144 months' imprisonment. Minn.Stat. § 609.342, subd. 2(b) (2000, 2002, & 2004). Consecutive sentences are permissive for multiple offenses, even when the offenses involve a single victim. Minn. Sent. Guidelines II. F.2 (2000, 2001, 2002, 2003, & 2004); *see* Minn. Sent. Guidelines cmt. II.F.04 (stating that consecutive sentencing is permissive even when offenses involve "a single victim involving a single course of conduct"). Under these circumstances, consecutive sentencing is not a departure

from the sentencing guidelines. Minn. Sent. Guidelines II.F.2.

■ Perleberg first challenges the length of his sentence by attacking the prosecutor's charging decision. Perleberg argues that this decision, which resulted in his conviction of six counts of first-degree criminal sexual conduct, rather than a single count, led to the circumstances that resulted in a sentence that exaggerates the criminality of his conduct. We observe that "a prosecutor has broad discretion in the exercise of the charging function and ordinarily, under the separation-of-powers doctrine, a court should not interfere with the prosecutor's exercise of that discretion" absent special circumstances, which do not exist here. *State v. Foss*, 556 N.W.2d 540, 540 (Minn.1996). Perleberg's argument is premised on the false assumption that the district court was unaware of its authority to impose six concurrent sentences if, in its judgment, the facts so warranted. But the district court was well aware of its authority to impose a sentence between the maximum authorized length of imprisonment for the offenses charged and shorter permissible sentences that reflect an appropriate punishment for the severity of the criminal conduct. Indeed, the district court sentenced Perleberg to three consecutive 144–month sentences, rather than six, thereby diminishing the impact of the prosecutor's charging decision. Thus, this aspect of Perleberg's challenge is unavailing.

In support of the argument that his sentence is disproportionately severe when compared to sentences imposed in similar cases, Perleberg cites sentencing statistics from the 2004 Sentencing Practices and Data Reports. These statistics, however, do not provide details about the nature of the offenses or whether the cases were resolved by a negotiated plea agreement or by trial. Perleberg's reliance on such statistics, therefore, is unpersuasive. We are mindful, however, of the dearth of published Minnesota cases addressing the sentences imposed based on comparable facts.

Perleberg's disproportionality argument also relies on the absence of multiple victims. But consecutive sentences are permissible when multiple offenses are committed against a single victim. Minn. Sent. Guidelines cmt. II.F.04. Perleberg correctly observes that the comments to the sentencing guidelines urge careful consideration of whether the purposes of sentencing would be served best by concurrent, rather than consecutive, sentences. Minn. Sent. Guidelines cmt. II.F.01. And the record demonstrates that the district court imposed permissive, consecutive sentences after carefully considering the nature of the offenses and the mitigating circumstances.

The district court considered that Perleberg was sexually abused as a child and the psychosexual evaluator's conclusion that Perleberg may be amenable to treatment. In weighing its sentencing alternatives, the district court observed: "[L]ooking at the other half of this . . . we have a young lady and a family whose lives have been, if not ruined, then inalterably changed." Although Perleberg's offenses were against the same victim, she is his daughter and they were aptly characterized by the district court as "sexual predatory acts." The sexual abuse for which Perleberg was convicted occurred in many forms, over several years, on at least 250 occasions, including Christmas day, and often in the family home or during regularly scheduled errands.

Based on the nature of the conduct and the dates of the offenses, the district court carefully crafted the sentence by rationally distinguishing between offenses that it determined were appropriate for concurrent

sentences and those that were appropriate for consecutive sentences. On these facts, Perleberg's sentence, totaling 432 months' imprisonment, does not unduly exaggerate the criminality of Perleberg's criminal conduct. The record as a whole reflects the district court's proper exercise of its discretion.

## DECISION

When imposing the contested sentences, the district court balanced the nature of the first-degree criminal sexual conduct offenses and the mitigating factors. Because the aggregate term of imprisonment of 432 months does not unduly exaggerate the criminality of appellant's conduct, the district court did not abuse its discretion by imposing a combination of concurrent and consecutive presumptive minimum sentences of 144 months.

**Affirmed.**