**STATE of Minnesota, Respondent,**

v.

**Bradley John ABRAHAMSON, Appellant.**

**No. A07–2143.**

Court of Appeals of Minnesota.

Dec. 9, 2008.

Lori Swanson, Attorney General, St. Paul, MN, Melanie S. Ford, St. Louis County Attorney, Duluth, MN, for respondent.

Lawrence Hammerling, Chief Appellate Public Defender, Ngoc L. Nguyen, Assistant Public Defender, St. Paul, MN, for appellant.

Considered and decided by SCHELLHAS, Presiding Judge; HALBROOKS, Judge; and HARTEN, Judge.*

## OPINION

SCHELLHAS, Judge.

Appellant challenges his enhanced sentence on his conviction of first-degree criminal sexual conduct, arguing that the district court abused its discretion in denying his request for a downward dispositional departure and imposing an upward durational departure. Because the district court enhanced appellant's sentence based on valid aggravating factors, and it did not abuse its discretion in denying appellant's request for a downward departure, we affirm.

## FACTS

Appellant was charged with three counts of criminal sexual conduct, one count of possession of substances with intent to manufacture methamphetamine, one count of exposing a child to methamphetamine activity, and one count of endangerment of a child. Appellant pleaded guilty to count two, first-degree criminal sexual conduct in violation of Minn.Stat. § 609.342, subd. 1(h)(iii) (2004) (sexual penetration of a person under 16 by an offender who has a significant relationship with the victim including multiple acts of sexual abuse over an extended period of time), and count five, exposing a child to methamphetamine activity in violation of Minn.Stat. § 152.137, subd. 2(a)(1), (2), (3) and/or (4) (Supp.2005) (exposing a child to the manufacture of methamphetamine, storage of chemical substances, storage of metham-

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

phetamine waste products, or storage of methamphetamine paraphernalia).

Pursuant to a plea agreement, appellant admitted that from 1999 through August 2005, he engaged in multiple acts of sexual abuse of his child, M.A.W., including sexual touching and penetration, but denied penetrating M.A.W.'s vagina or anus. Appellant admitted that he had no reason to disbelieve M.A.W.'s assertion that she was exposed to methamphetamine while in his home. Appellant also admitted to possessing materials that could be used to manufacture methamphetamine. The district court accepted appellant's testimony as providing adequate factual bases for his pleas of guilty to counts two and five.

The parties' plea agreement was based upon their concurrence that (1) appellant had no criminal history, (2) the presumptive sentence under the guidelines on count two was 144 months of incarceration with a presumptive range of 144 to 173 months, (3) appellant would be sentenced concurrently on both counts, (4) the prosecutor would ask for an upward durational departure, and (5) appellant would ask for a downward dispositional departure. Appellant waived his right to a sentencing trial before a jury and asked the district court to make the determination about the existence of any aggravating factors.

Appellant moved the district court for a downward dispositional departure in the form of two years of local confinement in the Northeast Regional Correction Center (NERCC), which has sexual-offender and chemical-dependency treatment programs. Appellant argued that the district court should depart downward dispositionally because: (1) appellant received a low score on the tool that assessed appellant's risk of reoffense; (2) a doctor opined that commitment to NERCC would be appropriate because it has both sexual-offender and chemical-dependency programs and be-

cause incest offenders usually do not reoffend after the activity is exposed; and (3) Minn.Stat. § 609.342, subd. 3 (2004) authorizes the district court to stay imposition of a sentence for a conviction under section 609.342, subd. 1(g). The prosecutor filed a notice of intent to seek an upward departure on the following grounds: (1) the offense occurred over a period of five to six years; (2) the minor victim was treated with particular cruelty; (3) the minor victim was forced to watch pornographic movies; (4) the minor victim was told that appellant wanted to photograph her without clothes; (5) there was use of and exposure to illegal drugs; and (6) overall, the conduct was far more egregious than the usual child-sexual-abuse case.

The sentencing occurred over the course of two hearings. At the first hearing, the district court stated that it had read the presentence investigation, victim impact statements, motions and written arguments of the parties, and then heard expert testimony and additional arguments from the parties. At the second hearing, the court made findings and sentenced appellant. The court addressed its reasons for upward durational departure as follows:

> The Court does find that there are some things that were listed by [the prosecutor] as bases for departure depending on how I decide this case, and those for the sake of argument would include the longevity and the extent of the crime, the fact that multiple acts involving the same vulnerable young girl took place over years of time, the multiplicity of trauma and the sex acts that this child was exposed to involving oral sex, feigned anal sex, appliances and the like all exceedingly damaging and harmful to a young child. The third factor that [the prosecutor] called to the Court's

attention I think has some merit for discussion purposes is the fact that [appellant] utilized methamphetamine and marijuana as well as promises to "groom" this child for his victimization and also used the viewing of pornographic movies so as to lower the child's natural inhibitions and/or fears regarding the adult nature of the acts that were being suggested and perpetrated by [appellant]. I think all of those things do support a motion as brought by [the prosecutor].

The court did not find that appellant treated the victim with particular cruelty, noting that the statute defining the crime recognized the inherent cruelty of acts of incest with a minor victim.[1]

The district court then addressed appellant's motion for a downward dispositional departure. The court "acknowledge[d] that there is some hope that local treatment could be of benefit to [appellant]," noted that appellant had no criminal history and that there was no evidence that appellant used physical force or engaged in bondage or torture or "those kinds of acts of cruelty," and stated that these factors supported appellant's argument for a dispositional departure. The court also acknowledged testimony that appellant was not likely to reoffend with members of his own family but stated that the court was concerned about what he would do if he

started another family. The court denied the dispositional departure, stating, "in the end, Mr. Abrahamson, the horrific, repeated nature of your abuse of your own child, a young girl of kindergarten age over a period of seven or so years cannot sustain [the] dispositional departure." The court further explained:

> To allow [appellant] to partake of treatment in an unlocked, unfenced, essentially unguarded workhouse when his crime against his own daughter of a significant heinous and brutal nature in terms of her psychological welfare, if I gave such a sentence that would be to close my eyes to the victim and say, sorry, [M.A.W.], the justice system cares more about preventing future crimes than addressing the wrong that was done to you.

The district court then returned to the motion for an upward durational departure and stated, "[t]here's ample basis to find exceptional circumstances as stated previously to support such a sentence," citing *State v. Perleberg*, 736 N.W.2d 703 (Minn. App.2007), *review denied* (Minn. Oct. 16, 2007), as a case in which the court of appeals affirmed consecutive sentencing based on facts the district court viewed as analogous.[2] Additionally, the court said:

> Bottom line is in essence of seven years of this young woman's life has been de-

---

**1.** A departure report attached to the criminal judgment and warrant of commitment states the reasons for departure as follows:

Defendant committed years of incestu[ous] criminal sexual conduct upon a vulnerable child. Defendant evinced "grooming" of the victim by using methamphetamine, marijuana, and pornographic movies in her presence and with her, all when she was less than 12 years old. Defendant's conduct was more serious and egregious than typical criminal sexual conduct cases.

On a checklist of reasons for departure, the district court checked multiple victims or

multiple incidents per victim, crime committed in the victim's home or zone of privacy, position of authority, and crime more onerous than the usual offense.

**2.** In citing *Perleberg*, the district court noted that "the factual basis is the same, the insidious, routine, sexual exploitation of a young child by a parent over years of time with the added aggravating factors of drugs, pornography, and promises to groom that victim into submission." But the factors of drugs, pornography, and promises are not evident in the *Perleberg* opinion.

stroyed, turned to bitter ash and night-mares by [appellant], the father. The Court believes that 147 months of actual time in prison on a 220–month commit which equates to about 12 years which is the age of this child with allowance for good time—it's down to 12 years but 220 months, 147 actually served, seems a fair and just sentence in this case.

The court committed appellant to 220 months' imprisonment on count two, an upward durational departure, and to the presumptive sentence of 15 months on count five, concurrent to the sentence on count two. This appeal follows.

## ISSUES

I. Did the district court abuse its discretion by refusing to grant appellant a downward dispositional departure?

II. Did the district court abuse its discretion by imposing an upward durational departure?

## ANALYSIS

### I.

 A district court may depart from the sentencing guidelines if substantial and compelling circumstances are present. Minn. Sent. Guidelines II.D. A district court's departure decision will not be reversed absent a clear abuse of discretion. *State v. Oberg,* 627 N.W.2d 721, 724 (Minn. App.2001), *review denied* (Minn. Aug. 22, 2001). A district court's discretion is broad, and only a rare case warrants reversal of the refusal to depart. *State v. Kindem,* 313 N.W.2d 6, 7 (Minn.1981).

 A district court considering a dispositional departure may focus "on the defendant as an individual and on whether the presumptive sentence would be best for him and society." *State v. Heywood,* 338 N.W.2d 243, 244 (Minn.1983). Factors relevant to dispositional departures under

supreme court precedent include amenability to probation. *Id.* (citing *State v. Garcia,* 302 N.W.2d 643 (Minn.1981) and *State v. Wright,* 310 N.W.2d 461 (Minn.1981)). They also include the defendant's age, prior record, remorse, cooperation, attitude while in court, and the support of friends and/or family. *Id.* (citing *State v. Trog,* 323 N.W.2d 28, 31 (Minn.1982)).

 Appellant argues that (1) he should have been granted a dispositional departure because there were factors supporting a dispositional departure, (2) the district court's reliance on *Perleberg* was an abuse of discretion, and (3) the district court failed to rationally consider the factors for the downward dispositional departure. Appellant is incorrect in all three arguments. First, the presence of factors supporting departure does not require departure. *Oberg,* 627 N.W.2d at 724. Second, the record shows that the district court did not rely on *Perleberg* in denying appellant's motion for a dispositional departure. Finally, the district court did not disregard valid departure factors in denying the dispositional departure. While it is true that a district court errs when it fails to consider valid departure factors, *State v. Curtiss,* 353 N.W.2d 262, 263–64 (Minn. App.1984), in this case, the district court explicitly addressed the reasons for a dispositional departure before exercising its discretion to deny the departure. The district court did not abuse its discretion in denying appellant a dispositional departure.

### II.

 A durational departure is also reviewed for an abuse of discretion. *State v. Thompson,* 720 N.W.2d 820, 828 (Minn. 2006). A district court must justify a durational departure with substantial and compelling circumstances. *Id.* Substantial and compelling circumstances are present

when "the defendant's conduct in the offense of conviction was significantly more or less serious than that typically involved in the commission of the crime in question." *State v. Misquadace,* 644 N.W.2d 65, 69 (Minn.2002). Where reasons for departure are stated on the record, an appellate court determines if the reasons justify the departure; if they do, the departure will be allowed. *Williams v. State,* 361 N.W.2d 840, 844 (Minn.1985). If the reasons given do not justify the departure, the departure will be reversed. *State v. Jones,* 745 N.W.2d 845, 851 (Minn.2008); *see also State v. Adell,* 755 N.W.2d 767, 772 (Minn.App.2008) (noting that pre-*Blakely,* if the reasons stated by the sentencing court were improper or inadequate, appellate courts independently examined the record to determine if sufficient evidence justified the departure; post-*Blakely,* appellate courts no longer independently examine the record), *pet. for review filed* (Minn. Oct. 14, 2008).

Appellant argues that there are no valid departure factors in this case. The following list of departure factors can be derived from the district court's language at the sentencing hearing: (1) multiple acts over a long period of time; (2) the vulnerability of the victim; (3) "the multiplicity of trauma and the sex acts"; (4) use of methamphetamine, marijuana, and promises to "groom" the child for victimization; and (5) viewing of pornographic movies. Because we conclude that the departure is justified by the aggravating factors of "multiplicity of trauma and the sex acts"

and showing M.A.W. pornography, we will not address the remaining factors stated on the record at sentencing or in the departure report. *See State v. Rasinski,* 472 N.W.2d 645, 650 (Minn.1991) (refusing to address other grounds for departure after concluding that "the first two grounds used by the trial court to justify departure are sufficient").

### Multiplicity of Trauma and Sex Acts

 "Multiplicity" means "[t]he state of being various or manifold" or "[a] large number." *The American Heritage Dictionary* 1155 (4th ed.2006). Using these definitions, a "multiplicity" of sex acts refers to "various" sexual acts or "a large number" of sexual acts. That there were "a large number" or multiple acts is not a valid departure factor because multiple acts is an element of criminal sexual conduct under Minn.Stat. § 609.342, subd. (h)(iii), and reasons for departure "must not themselves be elements of the underlying crime," *Jones,* 745 N.W.2d at 849 (quotation omitted).

 But variety in the sexual acts is a valid reason for departure. *See Rairdon v. State,* 557 N.W.2d 318, 327 (Minn.1996) ("[T]he trial court was justified in noting the multiple forms of sexual abuse as a basis for departure.").[3] Here, the district court clearly relied on the variety of sexual acts when it stated that the departure was justified in part by "the multiplicity of trauma and the sex acts that this child was exposed to involving oral sex, feigned anal

---

**3.** In *Rairdon,* the district court imposed consecutive sentences on convictions of first- and second-degree intrafamilial sexual abuse in violation of Minn.Stat. §§ 609.3641, subd. 1(2)(e), 609.3642, subd. 1(2)(e) (1984). 557 N.W.2d at 319, 326. Section 609.3641, subdivision 1(2)(e), now repealed, defined first-degree intrafamilial sexual abuse as sexual penetration with a child with whom the actor has a familial relationship when, among other

factors, the abuse involved multiple acts committed over an extended period of time. Section 609.3642, subdivision 1(2)(e), now repealed, defined second-degree intrafamilial sexual abuse as sexual contact with a child with whom the actor has a familial relationship when, among other factors, the abuse involved multiple acts committed over an extended period of time.

sex, appliances and the like all exceedingly damaging and harmful to a young child." Because variety in sexual acts is not equivalent to the element of multiple sexual acts and because variety in the sexual acts makes the conduct more serious than that typically involved in the commission of the crime in question, we conclude that the variety of sexual acts was a valid aggravating factor to support departure in this case.

### Methamphetamine

Appellant argues that exposing M.A.W. to methamphetamine is not a valid aggravating factor because it was the basis for the conviction on count five. "[C]onduct underlying one conviction cannot be relied on to support departure on a sentence for a separate conviction." *Jones*, 745 N.W.2d at 849 (quotation omitted). In addition, a departure must be based on the offense of conviction. *Misquadace*, 644 N.W.2d at 68 (stating that departures must be based on the offense of conviction). The record does not contain sufficient evidence to support a finding that exposure to methamphetamine or its manufacture was part of the first-degree criminal sexual conduct conviction in this case. We therefore agree that exposing M.A.W. to methamphetamine or its manufacture, the conduct underlying appellant's conviction on count five, does not justify the departure.

### Pornography

The district court found that appellant used pornography to "lower the child's natural inhibitions and/or fears regarding the adult nature of the acts that

were being suggested." We conclude that this is a valid aggravating factor because appellant's use of pornography with M.A.W. demonstrates that appellant committed the criminal sexual conduct underlying count two in a particularly serious way. *See State v. Sebasky*, 547 N.W.2d 93, 94 (Minn.App.1996) (affirming departure that was based in part on the factors of showing pornography to child victims and the offender's manipulation and planning), *review denied* (Minn. June 19, 1996).[4]

Because we conclude that two reasons given by the district court are valid bases for departure, variety in sexual acts and showing M.A.W. pornography, we affirm. *See Williams*, 361 N.W.2d at 844 (stating that if the reasons given support the departure, the departure should be affirmed); *see also Rasinski*, 472 N.W.2d at 650 (declining to discuss other factors after concluding that "the first two grounds used by the trial court to justify departure are sufficient").

### DECISION

We affirm the district court's refusal to grant a downward dispositional departure and its imposition of an upward durational departure. The district court properly relied on the aggravating factors of variety in sexual acts and showing the child-victim pornography to support its enhanced sentence.

**Affirmed.**

4. That the district court relied in part on showing child victims pornography is noted in this court's unpublished opinion addressing an appeal in Sebasky's postconviction relief proceeding. *Sebasky v. State*, No. A05–507, 2006 WL 463619, at *1 (Minn.App. Feb.28, 2006) (noting that the district court stated as aggravating factors that Sebasky showed his victims pornographic images and engaged in a "pattern of grooming and seduction").