*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-1679**

State of Minnesota,
Respondent,

vs.

Tawnja Rene Wallace,
Appellant.

**Filed July 14, 2014
Affirmed
Hooten, Judge**

Polk County District Court
File No. 60-CR-12-2679

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Gregory A. Widseth, Polk County Attorney, Crookston, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Veronica Surges Shacka, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Kirk, Presiding Judge; Hooten, Judge; and Reyes, Judge.

**U N P U B L I S H E D   O P I N I O N**

**HOOTEN**, Judge

Appellant challenges the district court's denial of her request for a downward dispositional departure, arguing that the district court abused its discretion because

substantial and compelling factors support a departure and because the district court failed to fully consider those factors. We affirm.

**FACTS**

In January 2013, appellant Tawnja Wallace pleaded guilty to second-degree assault in violation of Minn. Stat. § 609.222, subd. 1 (2012). The district court accepted Wallace's guilty plea, ordered the completion of a presentence investigation (PSI), and scheduled a sentencing hearing. The PSI revealed that Wallace had several felony convictions, including four from when she lived in Illinois. The PSI also established that Wallace had a criminal-history score of four. The presentence investigator recommended that the district court sentence Wallace to 45 months' imprisonment.

At the sentencing hearing, the state requested the district court to impose and execute a 39-month sentence of imprisonment, the low end of the presumptive range for second-degree assault for someone with a criminal-history score of four. *See* Minn. Sent. Guidelines 4.A, 5.A (2012). Wallace requested a downward dispositional departure and asserted a number of reasons in support of a departure, including her ongoing mental-health and chemical-dependency treatment, her willingness to attend a long-term inpatient treatment center, and her need for dual residential mental-health and chemical-dependency treatment. Wallace personally addressed the district court and explained that the Illinois felony convictions occurred over a decade ago while she was in a gang, she has since left the gang, she has reunited with her daughter and grandchildren, she has sought support for anger and sobriety issues which alter her frame of mind, and she has achieved sobriety in the past.

2

The district court denied Wallace's request for a downward dispositional departure and sentenced her to 39 months' imprisonment. Wallace appeals.

**D E C I S I O N**

Wallace challenges the district court's decision denying her request for a dispositional departure. "Whether to depart from the sentencing guidelines rests within the district court's discretion, and the district court will not be reversed absent an abuse of that discretion." *State v. Pegel*, 795 N.W.2d 251, 253 (Minn. App. 2011). "This court will not generally review a district court's exercise of its discretion to sentence a defendant when the sentence imposed is within the presumptive guidelines range." *State v. Delk*, 781 N.W.2d 426, 428 (Minn. App. 2010), *review denied* (Minn. July 20, 2010). Only in a "rare" case will this court reverse the imposition of a presumptive sentence. *State v. Kindem*, 313 N.W.2d 6, 7 (Minn. 1981).

The district court did not abuse its discretion by sentencing Wallace to 39 months' imprisonment. Wallace does not dispute that she has a criminal-history score of four and that she pleaded guilty to second-degree assault, which carries a severity level of six. *See* Minn. Sent. Guidelines 5.A. Under these circumstances, the presumptive sentence is imprisonment between 39 and 54 months. *Id.* 4.A.

Wallace contends that the district court abused its discretion by denying her request despite the fact that there were substantial and compelling reasons to justify a dispositional departure. We disagree.

"The district court must order the presumptive sentence provided in the sentencing guidelines unless substantial and compelling circumstances warrant a departure." *Pegel*,

795 N.W.2d at 253 (quotation omitted). But "the presence of factors supporting departure does not require departure." *State v. Abrahamson*, 758 N.W.2d 332, 337 (Minn. App. 2008), *review denied* (Minn. Mar. 31, 2009). "The district court does not abuse its discretion by refusing to dispositionally depart from a presumptively executed prison sentence, even if there is evidence in the record that the defendant would be amenable to probation." *State v. Olson*, 765 N.W.2d 662, 663 (Minn. App. 2009). Thus, the district court did not abuse its discretion merely because Wallace can point to mitigating factors.

Wallace contends that the district court abused its discretion by failing to fully consider the substantial and compelling reasons justifying a dispositional departure. A district court abuses its discretion if it fails to consider reasons for departing from the presumptive sentence. *State v. Curtiss*, 353 N.W.2d 262, 264 (Minn. App. 1984). "If the district court has discretion to depart from a presumptive sentence, it must exercise that discretion by deliberately considering circumstances for and against departure." *State v. Mendoza*, 638 N.W.2d 480, 483 (Minn. App. 2002), *review denied* (Minn. Apr. 16, 2002).

Wallace notes that the district court failed to consider her age, prior record, remorse, cooperation with the district court, support from family and friends (including the victim), and previous success on probation. Wallace correctly identifies these as factors that the district court may consider when determining whether a defendant is amenable to individualized treatment in a probationary setting. *See State v. Trog*, 323 N.W.2d 28, 31 (Minn. 1982) (listing factors). But a district court does not abuse its

4

discretion by failing to address every mitigating factor presented. *Pegel*, 795 N.W.2d at 254. And we "may not interfere with the [district] courts [sic] exercise of discretion, as long as the record shows the sentencing court carefully evaluated all the testimony and information presented before making a determination." *State v. Van Ruler*, 378 N.W.2d 77, 80–81 (Minn. App. 1985).

After Wallace presented her arguments justifying a dispositional departure, the district court stated on the record:

> *[O]n the one hand we have a victim who supports you and does not want you in custody. And the injuries are relatively minor*, when you think about other injuries that could have occurred with this kind of crime. On the other hand, you can't consider things like, you know, addictions, those kinds of things. Those are not mitigating factors. Mental health can be a mitigating factor.
>
> *So I'm thinking about all of these issues that come about and, you know, what sticks out to me the most is really the criminal history because there's so much of it.* And that to me, when I think about this criminal history, I don't think counsel really had an idea about it because they thought there would be one criminal history point. And I look at the felonies. . . .
>
> We've got felonies into 2008, 2006, you know, two of them in 2005. There's enough there that I'm not going to presume to get into the head[s] of the probation agents, but they are recommending an executed sentence even before there was an issue of breach of the plea agreement. *And in light of that relatively recent criminal history, I don't find that there is enough of a mitigating factor to support departing from the guidelines.*
>
> *So I appreciate everything you've said. I agree that you do need treatment and I hope you are able to address it and I think a dual diagnosis is the way to go.* But I am not finding that to be a compelling enough reason to depart. So

5

legally we stay with the guidelines. I'm going to do that. I
am going to go to the bottom of the box that was suggested by
[the state].

(Emphases added.)

The record reflects that the district court carefully considered Wallace's arguments for a dispositional departure alongside arguments against a departure. The district court did not abuse its discretion by sentencing Wallace to the presumptive disposition as provided in the guidelines.

**Affirmed.**