*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0291**

State of Minnesota,
Respondent,

vs.

Steven Andre Moore,
Appellant.

**Filed January 11, 2016
Affirmed
Schellhas, Judge**

Scott County District Court
File No. 70-CR-13-8297

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Ronald Hocevar, Scott County Attorney, Todd P. Zettler, Assistant County Attorney, Shakopee, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Melissa Sheridan, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Rodenberg, Presiding Judge; Schellhas, Judge; and

Reilly, Judge.

**SCHELLHAS**, Judge

Appellant challenges his sentence for second-degree intentional murder, arguing that the district court abused its discretion by denying his motion for a downward durational departure. We affirm.

## FACTS

In April 2013, appellant Steven Andre Moore and two accomplices committed a home-invasion robbery during which an accomplice shot three victims, one of whom died. A grand jury indicted Moore for first-degree felony murder, second-degree intentional murder (without premeditation), first-degree aggravated robbery (dangerous weapon/bodily harm), and two counts of second-degree assault (dangerous weapon causing substantial bodily harm).[1] Moore pleaded guilty to second-degree intentional murder in exchange for respondent State of Minnesota's agreement to dismiss the remaining charges and to seek the presumptive guidelines sentence. The district court denied Moore's motion for a downward durational departure and sentenced him to 306 months' imprisonment, the presumptive guidelines sentence.

This appeal follows.

## D E C I S I O N

"[Appellate courts] afford the trial court great discretion in the imposition of sentences and reverse sentencing decisions only for an abuse of that discretion." *State v.*

---

[1] Each offense was charged with reference to the accomplice-liability statute.

*Soto*, 855 N.W.2d 303, 307–08 (Minn. 2014) (quotation omitted). "The Minnesota Sentencing Guidelines, however, limit the sentencing court's discretion by prescribing a sentence or range of sentences that is presumed to be appropriate." *Id.* at 308 (quotation omitted).

> A sentencing court must pronounce a sentence within the applicable range unless there exist identifiable, substantial, and compelling circumstances that distinguish a case and overcome the presumption in favor of the guidelines sentence. Accordingly, a sentencing court can exercise its discretion to depart from the guidelines only if aggravating or mitigating circumstances are present and those circumstances provide a substantial and compelling reason not to impose a guidelines sentence.

*Id.* (emphasis omitted) (quotations and citations omitted).

"If the district court has discretion to depart from a presumptive sentence, it must exercise that discretion by deliberately considering circumstances for and against departure." *State v. Mendoza*, 638 N.W.2d 480, 483 (Minn. App. 2002), *review denied* (Minn. Apr. 16, 2002); *see also State v. Abrahamson*, 758 N.W.2d 332, 337 (Minn. App. 2008) (stating that "a district court errs when it fails to consider valid departure factors"), *review denied* (Minn. Mar. 31, 2009). "In determining whether to durationally depart from the guideline sentence, the district court considers whether the defendant's conduct was significantly more or less serious than that typically involved in the commission of the crime described in the applicable statute." *State v. Losh*, 721 N.W.2d 886, 896 (Minn. 2006) (quotation omitted); *see also Taylor v. State*, 670 N.W.2d 584, 587 (Minn. 2003) (stating that "'[s]ubstantial and compelling circumstances' are those circumstances that make the facts of a particular case different from a typical case").

"[Appellate courts] will not ordinarily interfere with a sentence falling within the presumptive sentence range, either dispositionally or durationally, even if there are grounds that would justify departure." *State v. Bertsch*, 707 N.W.2d 660, 668 (Minn. 2006) (quotation omitted). Indeed, "[the supreme court] ha[s] emphasized that 'it would be a rare case which would warrant reversal of the refusal to depart.'" *Id.* (quoting *State v. Kindem*, 313 N.W.2d 6, 7 (Minn. 1981)); *see also State v. Johnson*, 831 N.W.2d 917, 925 (Minn. App. 2013) (stating that "[w]e will affirm the imposition of a presumptive guidelines sentence when the record shows that the sentencing court carefully evaluated all the testimony and information presented before making a determination" and that "[o]nly the rare case will merit reversal based on the district court's refusal to depart" (quotations omitted)), *review denied* (Minn. Sept. 17, 2013).

Moore argues that the district court abused its discretion by denying his motion for a downward durational departure because "his conduct [wa]s significantly less serious than that of an offender who acts with the intent to take the life of another person" and "[t]his was a sufficient mitigating factor warranting a downward durational departure." But at his plea hearing, Moore admitted that he had actively participated in the planning and execution of the robbery and had known that one of his accomplices was carrying a gun. He also admitted that he did not take available opportunities to terminate the robbery plan or end his involvement in the robbery, and he agreed that death is a foreseeable result of armed robbery. By intentionally aiding or conspiring to commit an armed robbery, Moore became criminally liable for his accomplice's ultimate commission of second-degree intentional murder, which was reasonably foreseeable as a probable consequence of the

4

robbery. *See* Minn. Stat. §§ 609.05, subds. 1, 2 (describing accomplice liability), .19, subd. 1 (defining second-degree intentional murder) (2012). Moore's conduct was not significantly less serious than conduct typically resulting in accomplice liability for second-degree intentional murder; therefore, no substantial and compelling reason justified a durational departure from the guidelines sentence. *See Losh*, 721 N.W.2d at 896 ("In determining whether to durationally depart from the guideline sentence, the district court considers whether the defendant's conduct was significantly more or less serious than that typically involved in the commission of the crime described in the applicable statute." (quotation omitted)); *Taylor*, 670 N.W.2d at 587 (stating that "'[s]ubstantial and compelling circumstances' are those circumstances that make the facts of a particular case different from a typical case"). Without such a reason, the court did not abuse its discretion by not departing. *See Soto*, 855 N.W.2d at 308 ("[A] sentencing court can exercise its discretion to depart from the guidelines only if aggravating or mitigating circumstances are present." (quotation omitted)).

Here, the record reflects that the district court deliberately considered circumstances for and against departure. We conclude that the court did not abuse its discretion by denying Moore's motion for a downward durational departure even if there were grounds that would have justified departure.

**Affirmed.**

5