*This opinion is nonprecedential except as provided by Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A23-0922**

State of Minnesota,
Respondent,

vs.

Nicholas John Reinert,
Appellant.

**Filed April 8, 2024
Affirmed
Reyes, Judge**

Stearns County District Court
File No. 73-CR-22-2280

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Janelle P. Kendall, Stearns County Attorney, Ole Tvedten, Assistant County Attorney, St. Cloud, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Jennifer Lauermann, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Larson, Presiding Judge; Reyes, Judge; and Ede, Judge.

**NONPRECEDENTIAL OPINION**

**REYES**, Judge

Appellant argues that the district court abused its discretion by denying his motion for a downward durational departure at sentencing following his conviction of first-degree possession of methamphetamine while possessing a firearm. We affirm.

**FACTS**

In March 2022, law enforcement stopped appellant Nicholas John Reinert for driving a vehicle with a revoked driver's license. While speaking with appellant, law enforcement observed a tool bag in the back of the vehicle that contained a shard of methamphetamine. Law enforcement located just over 46 grams of methamphetamine and a loaded handgun in the tool bag and found additional methamphetamine and another handgun in the center console of the vehicle. Appellant later admitted that he had purchased the methamphetamine and knew that it was in the vehicle. Respondent State of Minnesota charged appellant, in part, with first-degree possession of 25 grams or more of methamphetamine while possessing a firearm under Minn. Stat. §§ 152.021, subds. 2(a)(2)(i) and 3(a) (2020), 609.11, subd. 5(a) (2020).[1]

In May 2022, the district court issued a pretrial conditional-release order that required appellant to abstain from possessing or consuming alcohol and unprescribed mood-altering drugs, abstain from possessing firearms, and report for random urinalysis testing.

In the following months, appellant's corrections agent filed three violation reports after appellant failed to report for urinalysis testing, failed to contact probation to arrange testing, and tested positive for methamphetamine.

---

[1] The state also charged appellant with first-degree possession of 50 grams or more of cocaine under Minn. Stat. § 152.021, subds. 2(a)(1) and 3(c) (2020), which it later dismissed.

On December 20, 2022, appellant waived his right to a jury trial and pleaded guilty but reserved the right to argue for a sentencing departure. At appellant's request, the district court continued his sentencing hearing until February 15, 2023, to allow him time to get an updated substance-abuse-disorder assessment and to seek treatment for methamphetamine use.

In early February 2023, appellant's corrections agent filed a fourth violation report after appellant failed to report for drug testing once in December and tested positive for methamphetamine six times since the prior violation report. After noting that appellant had ample time to seek treatment for his substance use since entering his plea, the district court ordered that appellant be held without bail until his new sentencing date in March 2023.

Appellant's presentence-investigation (PSI) report recommended that appellant serve 65 months in prison with credit for 24 days served. A few days before the sentencing hearing, appellant's counsel sought a continuance, arguing that appellant needed inpatient treatment for a head injury he suffered as a child. Appellant's counsel also requested that appellant have an opportunity to complete an in-custody assessment and a possible release directly to treatment. The day of sentencing, appellant filed a memorandum in support of his motion for a downward durational sentencing departure, arguing that he lacked substantial capacity for judgment at the time of the offense because of his childhood head injury.[2] He also filed a letter from a dispositional advisor through the Minnesota Board of

_____

[2] Although appellant appears to have originally intended to argue for a downward dispositional departure, appellant only pursued a downward durational departure.

3

Public Defense that advocated for appellant's prison term to be reduced by half, as well as five letters of support from his mother, young daughter, other family members, and friends.

During the sentencing hearing, appellant's attorney argued in part that appellant's head injury supports that he lacks judgment or impulse control and requested a sentence of 28 months in prison. The state opposed appellant's motion and requested a "top of the box" sentence of 78 months, citing to appellant's animosity toward law enforcement, his consistent methamphetamine use, and his prior violations of the district court's orders. Appellant stated that, even if he wanted to quit using methamphetamine, he "couldn't."

The district court sentenced appellant to 65 months in prison, with credit for 24 days served, a "middle of the box" presumptive sentence under the sentencing guidelines. *See* Minn. Sent'g Guidelines 4.C (2020). The district court also expressed its disappointment in appellant's conduct during his release. This appeal follows.

**DECISION**

Appellant argues that the district court abused its discretion by denying his request for a downward durational departure because (1) his traumatic brain injury impacted his cognitive ability, making his offense less serious than similar offenses and (2) the district court's "disappointment with [his] actions" provided an insufficient basis to deny his motion.[3] We are not persuaded.

---

[3] Appellant also argues, for the first time on appeal, that his head injury is a mitigating factor under Minn. Sent'g Guidelines 2.D.3.a(5) (2020) ("[o]ther substantial grounds exist that tend to excuse or mitigate the offender's culpability, although not amounting to a defense."). Because appellant failed to raise the "other substantial grounds" argument before the district court, we decline to address it. *Thiele v. Stich*, 425 N.W.2d 580, 584 (Minn. 1988).

The Minnesota Sentencing Guidelines establish presumptive sentences for felony offenses. Minn. Stat. § 244.09, subd. 5 (2022). Absent substantial and compelling circumstances, a district court must order a presumptive sentence. Minn. Sent'g Guidelines 2.D.1 (2020); *State v. Pegel*, 795 N.W.2d 251, 253 (Minn. App. 2011). Substantial and compelling circumstances may support a durational departure if the defendant's conduct is significantly more or less serious than the typical offense. *State v. Abrahamson*, 758 N.W.2d 332, 337-38 (Minn. App. 2008), *rev. denied* (Minn. Mar. 31, 2009). "A durational departure must be based on factors that reflect the seriousness of the *offense*, not the characteristics of the offender," which narrows the range of factors justifying a durational departure. *State v. Solberg*, 882 N.W.2d 618, 623 (Minn. 2016).

If substantial and compelling circumstances exist, "[t]he decision whether to depart from [the] sentencing guidelines rests within the discretion of the [district] court." *State v. Oberg*, 627 N.W.2d 721, 724 (Minn. App. 2001), *rev. denied* (Minn. Aug. 22, 2001). "A district court abuses its discretion when its decision is based on an erroneous view of the law" or when its factual findings are clearly erroneous because they are not supported by the record. *State v. Guzman*, 892 N.W.2d 801, 810 (Minn. 2017). A district court properly exercises its discretion "as long as the record shows [it] carefully evaluated all the testimony and information presented before making a determination." *Pegel*, 795 N.W.2d at 255 (quotation omitted). Only in rare cases will an appellate court reverse a district court's imposition of a presumptive sentence. *State v. Olson*, 765 N.W.2d 662, 664 (Minn. App. 2009).

A defendant's lack of substantial capacity for judgment at the time of the offense because of a physical or mental impairment may be used as a mitigating factor to justify a departure. Minn. Sent'g Guidelines 2.D.3.a(3) (2020). To constitute a mitigating factor, a defendant's mental impairment must be so extreme that it deprives the defendant of control over their actions. *State v. McLaughlin*, 725 N.W.2d 703, 716 (Minn. 2007).

Although the record shows that appellant suffered a traumatic brain injury as a child, there is no evidence tying that injury to his capacity for judgment at the time of the offense. The PSI report indicates only that appellant "did experience head trauma in his early teenage years and collateral information indicates a significant change in his thought processes and demeanor after the accident." Appellant's dispositional advisor opined that appellant's head trauma "has impacted [appellant's] impulse control, decision making and ability to think through potential consequences of his actions," but provided no support for that conclusory opinion. Although the district court provided appellant with ample time to prepare between his plea and sentencing, appellant presented no evidence regarding his "capacity for judgment" during the charged offense, which is not enough. *State v. Martinson*, 671 N.W.2d 887 (Minn. App. 2003) (affirming a downward durational departure when record contained "uncontroverted [evidence] that, at all relevant times, [appellant] suffered from the psychosis of paranoid schizophrenia."), *rev. denied* (Minn. Jan. 20, 2004); *State v. Barsness*, 473 N.W.2d 325, 329 (Minn. App. 1991) (affirming downward durational departure when defendant had borderline mental disability, was chemically dependent, and suffered from severe depression during offense), *rev. denied* (Minn. Aug. 29, 1991); *McLaughlin*, 725 N.W.2d at 716 (determining whether appellant's

6

mental impairment was extreme enough to be a mitigating factor in sentencing based on six conflicting expert opinions).  The record here is insufficient to show that appellant's mental impairment was so extreme, at the time of the offense, as to be a mitigating factor. *McLaughlin*, 725 N.W.2d at 716.

Even if we were to assume that appellant's traumatic brain injury was a substantial and compelling mitigating factor, the record supports that the district court carefully considered it along with the additional information presented before imposing the presumptive sentence.  The district court judge had presided over many of appellant's prior hearings and was familiar with the details of his case.  The district court received the PSI report and, at the beginning of the sentencing hearing, asked both the state and appellant's counsel whether the report required any corrections.  The PSI report contained information regarding appellant's family history, criminal history, and mental-health and substance-abuse considerations.  The district court then heard appellant's friend's statement in support of appellant, appellant's counsel's argument in support of a downward durational departure, the state's argument, and appellant's personal statement.  The district court gave counsel for both parties and appellant an additional opportunity to speak before imposing sentence.  Appellant's counsel also acknowledged that she knew that the district court had "read the memo and the motions."  The record is clear that the district court carefully evaluated all the testimony and information presented before making its sentencing decision.  *Pegel*, 795 N.W.2d at 254-55.

Finally, appellant argues that the district court based its denial of his motion on its disappointment with his conditional-release violations alone and failed to address whether

his limited cognitive ability made his offense less serious than most, or whether a downward durational departure served the best interests of both himself and public safety. But appellant has not explained or argued how his limited cognitive ability makes his *offense* less serious than most. Factors justifying a downward durational departure must be related to the offense, not the offender. *Solberg*, 882 N.W.2d at 623. Moreover, the district court is not required to explain its reasons when imposing a presumptive sentence. *State v. Van Ruler*, 378 N.W.2d 77, 80 (Minn. App. 1985). We discern no abuse of discretion by the district court.

**Affirmed.**